UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10-CV-68-3-MU

| | |
|---|---|
| HENRY H. BETTIS, III, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Respondent, ) | |
| ) | |

**THIS MATTER** comes before the court on initial review upon Petitioner's "Application for Writ of Habeas Corpus Under the Foreign Soveriegn Immunities Act" (Doc. No. 1) and Petitioner's "Application to Proceed without Prepayment of Fees and Affidavit (Doc. No. 4) both filed March 18, 2010.

With respect to Petitioner's Application to Proceed without Prepayment of Fees, the filing fee for a habeas petition is $5.00. Petitioner's application reflects that he is currently incarcerated in the Madison County Jail and is not employed at the jail. He was last employed in June 2009 for himself and earned $600.00.[1] Petitioner's inmate cash account history reflects total deposits of $90.00 beginning in August 2009 through January 2010. However, his current balance is $0.00. Petitioner also indicated that he has no money in a bank account and has too many debts and loans to list. Petitioner also reports that two of his sons remain dependant on

---

[1] It is not clear what period of time was covered by this $600.00, but it may be for the entire month of June.

1

him for support. Therefore, it appears that Petitioner does not have sufficient resources with which to pay the $5.00 filing fee and his Application is granted.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, a judge must promptly examine the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Following such review, it is clear to the Court that Petitioner is entitled to no relief on his claim.

Petitioner contends that he is a "sovereign . . . under the self-governing people and kingdom of Yahweh and that he is currently being detained and has been since October 30, 2008 under a North Carolina indictment and the person named in the indictment is "the straw man (fictional entity) for Henry H. Bettis II, now deceased." By way of relief, Petitioner asks that this Court grant his writ of habeas corpus and "order applicant's immediate release and dismissal of the indictment with prejudice due to lack of jurisdiction over applicant as a sovereign man, or in the alternative, grant applicant pre-trial release . . . " Additionally, the Court notes that while Petitioner is asking for habeas relief, in paragraph 11 of his application, he also states "false arrest, illegal detention/false imprisonment and malicious prosecution are recognized as causes of action under Title 41 Section 1983, and exclusive remedy to a tort claim."

Section 2254 provides a federal remedy for state prisoners being detained pursuant to the judgment of a state court. It appears that Petitioner has not yet been convicted. Indeed, he states in his application that he is seeking pre-trial release. Therefore, § 2254 may not be the appropriate vehicle for Petitioner. Moreover, absent a valid excuse, a prisoner challenging his confinement by way of a habeas corpus petition must exhaust his state court remedies prior to

seeking federal habeas corpus relief by fairly presenting the substance of each federal constitutional claim in state court. 28 U.S.C. § 2254(b). Comity dictates that when a prisoner alleges that his confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review the claim and provide any necessary relief. Rose v. Lundy, 455 U.S. 509, 515-516 (1982). The petitioner bears the burden of proving exhaustion. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). A petitioner may satisfy the exhaustion requirement by fairly presenting his claims in state court. To satisfy the fair presentation requirement, "the state prisoner must give the state courts and opportunity to act on [her] claims before [she] presents those claims to a federal court in habeas corpus petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The fair presentation requirement has two components: (1) presentation of the same claim, and (2) presentation to all appropriate courts. Id. at 844. "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . .state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." Id. at 845. Here, Petitioner has not satisfied his burden of proving exhaustion and therefore Petitioner's petition is dismissed.

Next, the Court notes that Petitioner referenced 42 U.S.C. § 1983 in habeas petition. To the extent that Petitioner is attempting to raise a § 1983 claim, such claims cannot be combined in this habeas petition. However, Petitioner may file a separate § 1983 case and pay the

applicable $350.00 filing fee.[2]

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

(1) Petitioner's Application to Proceed Without Prepayment of Fees is GRANTED;

(2) Petitioner's "Application for Writ of Habeas Corpus Under the Foreign Soveriegn Immunities Act" is Dismissed without prejudice;

**SO ORDERED**.

Signed: March 24, 2010

Graham C. Mullen
United States District Judge

---

[2] It is clear that Petitioner is aware of his ability to file a 42 U.S.C. § 1983 case as this Court received a 42 U.S.C. § 1983 case from Petitioner on March 24, 2010. Therefore, there is no need for the Clerk to sed Petitioner the appropriate forms.